## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JESSE L. GARCIA,

      Plaintiff,

vs.                                  No. CIV 16-1040 JB/SCY

R.C. SMITH, WARDEN,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 41(b) of the Federal Rules of Civil Procedure, on: (i) the Plaintiff's Motion for a Peremptory Writ of Mandamus, filed September 19, 2016 (Doc. 1)("Motion"); and (ii) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 19, 2016 (Doc. 2)("Application"). The Court will deny Garcia's Motion and Application without prejudice for failure to comply with the Court's Order to Cure Deficiency, filed September 27, 2016 (Doc. 4)("Order to Cure Deficiency").

Plaintiff Jesse L. Garcia is a state-custody prisoner proceeding pro se. Garcia filed his Motion and Application on September 19, 2016. In his Motion, Garcia contended that he is being held in a protective custody unit in violation of his rights under the Fourteenth Amendment to the Constitution of the United States of America, because he is not being offered the same jobs or wages as prisoners in the general prison population. See Motion at 2-3. Garcia did not pay the filing fee, and his Application seeking to proceed in forma pauperis is deficient in that it did not include a six-month inmate account statement as 28 U.S.C. § 1915 requires. On September 27, 2016, the Court entered an Order to Cure Deficiency, ordering Garcia to file a 42 U.S.C. §

1983 Complaint with the proper form, according to that form's instructions, accompanied by the filing fee -- or else submit a complete application to proceed in forma pauperis within thirty days.  See Order to Cure Deficiency at 1-2.  The Order also advised Garcia that, if he failed to cure the deficiencies within the thirty-day period, the Court could deny his Motion without prejudice.  See Order to Cure Deficiency at 1-2.  The Court's docket reflects that the Order was mailed to Garcia at his address of record, together with the forms and instructions for a § 1983 prisoner civil rights action, and an application to proceed without prepayment of fees or costs, on September 28, 2016.

The Court may dismiss an action pursuant to rule 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders.  See Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  More than thirty days have elapsed since the Court entered the Order to Cure Deficiency on September 27, 2016, and since the Order to Cure Deficiency was mailed to Garcia.  Garcia has not filed a § 1983 complaint using the proper form in accordance with that form's instructions, submitted a complete application to proceed without prepayment of fees and costs under § 1915, or paid the filing fee.  Pursuant to rule 41(b), the Court will deny the Motion and Application based on Garcia's failure to comply with the Court's September 27, 2016 Order.

**IT IS ORDERED** that: (i) the Plaintiff's Motion for a Peremptory Writ of Mandamus, filed September 19, 2016 (Doc. 1); and (ii) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 19, 2016 (Doc. 2), are denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE

- 2 -

*Counsel and Parties*:

Jesse L. Garcia
Lea County Corrections Facility
Hobbs, New Mexico

       *Plaintiff, pro se*

R.C. Smith
Lea County Corrections Facility
Hobbs, New Mexico

       *Defendant, pro se*